### SMITH et al. v. WHITE, guardian.

GILBERT, J. 1. The court did not err in admitting the record setting aside year's support, for the reasons:

(a) There was some evidence that William E. Smith, from whose estate the year's support was set aside and who was the husband of Emma Smith, the original plaintiff, died in possession of the land in question. Moreover, the sole issue was the question of cancellation of the deed; and therefore the introduction of the evidence showing that the land was set aside as year's support was not injurious to the objectors, who were grantees in the deed.

(b) Under the facts of the case the jury were authorized to find that the deed, cancellation of which was sought, purported to convey land set aside in the year's support.

2. With the exception of the assignment of error mentioned in the preceding headnote, there is no complaint of any rulings of the court during the progress of the trial. The verdict is supported by evidence. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent on account of sickness.*

No. 2451. OCTOBER 14, 1921.

Equitable petition. Before Judge Lovett. Atkinson superior court. December 31, 1920.

Mrs. Emma Smith filed a petition praying that a deed which she had made, conveying described land to Bob Smith et al., be set aside and canceled. The petitioner (grantor named in the deed) was the widow of W. E. Smith. The grantees named are children of W. E. Smith by a former wife. The petition alleged that the property involved was, with other property, set aside to petitioner and her two minor children as a year's support; · that the deed conveying the land to the defendants was void and should be set aside, for the reasons (a) that she received no consideration for the same; (b) that it was obtained by duress, in that the defendants threatened to take all the property which had been set aside to her as year's support, and that they would burn her out and would kill her if she did not make the deed to them; (c) that the deed was obtained through fraud, in that the defendants represented to petitioner that she could not get possession of any of the property assigned as year's support unless she would make to them a deed to the land involved, and that because of her ignorance, inexperience and fear caused by the threats made she was induced to execute the deed; that while the deed purports to be a deed of gift she had no reason for giving the

grantees anything; that she did not know the purport and mean-
ing of the deed, and the same was not her voluntary act. The
two minor children of Mrs. Emma Smith, through their next
friend, intervened, setting up the fact that the original plain-
tiff had died; that they were her sole heirs; that at the time
of the execution of the deed their mother was, because of the
impairment of her mental ·faculties, incapacitated to make an
intelligent and voluntary disposition of her property; and pray-
ing that they be made parties plaintiff, and that the cause pro-
ceed in their name and for their benefit. The jury returned a
verdict in favor of the plaintiff. Motion for a new trial filed,
and subsequently amended, was overruled by the court, and the
defendants excepted. The sole ground of the amendment to
the motion complains· that the court erred in permitting the plain-
tiff to introduce documentary evidence to show that the land
had been set aside as a year's support. The objections urged
against this evidence at the time of its introduction were, (1)
that the land in question was not shown to have been in the
possession of W. E. Smith at the time of his death; and (2)
because the proceedings setting aside year's support described the
land as " one hundred and fifty acres of lot of land No. 63 in
the 7th district of Coffee County," while the deed, cancellation
of which was sought, describes the land as " being parts of lots
No. 63 and 39 in the 7th district of Coffee County."

*S. Burkhalter* and *R. A. Moore,* for plaintiffs in error.
*Levi O'Steen,* contra.